## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: I.L. and T.L.**

**No. 12-1359** (Raleigh County 12-JA-122 &123)

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Matthew Victor, arises from the Circuit Court of Raleigh County, wherein her parental rights were terminated by order entered on October 26, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, has filed its response. The guardian ad litem, Thomas A. Evans III, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2011, the DHHR filed an abuse and neglect petition against Petitioner Mother and her then-husband on the basis of Petitioner Mother's drug use and inability to take care of her children, as well as domestic violence and excessive consumption of alcohol in the home. On July 28, 2011, the father was reunified with his children due to his separation from Petitioner Mother, who was granted an improvement period and mandated random and frequent drug tests. Throughout the improvement period, Petitioner Mother missed several drug screens and attended visits with her children while intoxicated. On February 22, 2012, the circuit court terminated Petitioner Mother's improvement period, but permitted her to go through additional drug and alcohol screening, detoxification, and rehabilitation. Petitioner Mother completed the detoxification program but did not complete the rehabilitation program. On October 26, 2012, the circuit court terminated Petitioner Mother's parental rights, finding that she failed to complete her improvement period. The father was dismissed from the case, having completed his adjudicatory improvement period. The permanency plan is for the children to remain in their father's care.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

1

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that she has "renounced drugs" and that other than "failure to promptly produce a testable sample or to appear for a few drug screens, the DHHR could not demonstrate . . . her continuous use of prohibited substances." The DHHR and guardian respond that Petitioner Mother did not comply with the terms of her improvement period and that the circuit court was correct to find that there was no reasonable likelihood that Petitioner Mother could rectify the conditions of abuse and neglect.

This Court has held that "'[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)" Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. It is clear from the record that Petitioner Mother failed to complete her improvement period and failed to complete recommended treatments.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2